MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

AARON D. WEGNER (CABN 243809)
Assistant United States Attorney

    1301 Clay St., 3rd Floor
    Oakland, California 94612
    Telephone:  (510) 637-3740
    Fax: (510) 637-3724
    E-Mail: aaron.wegner@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO:  4-14-00389 YGR |
| Plaintiff, | ) | ORDER OF DETENTION |
| v. | ) | |
| GARY ANDERSON, | ) | |
| Defendant. | ) | |

A detention hearing in the above-captioned case for defendant Gary Anderson was conducted on September 9, 2014.  The Court has carefully considered the proffers of the government and the defendant's counsel, along with the information contained in the Pretrial Services Report.  The Court finds by clear and convincing evidence that the defendant is a danger to the community and finds by a preponderance of the evidence that he is a risk of flight or nonappearance if release from custody.  For the reasons set forth below, the Court concludes that there are no conditions, or combinations of conditions which could be fashioned in order to properly protect the community or assure the appearance of the defendant for trial if he is released.  Therefore, for the reasons set forth herein, the Court orders that the defendant be detained.

## I.     LEGAL STANDARD

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial.  A rebuttable presumption of both dangerousness and risk of flight exists when the defendant is charged with a drug felony that carries a maximum term of imprisonment of ten years or more, as in this case.  18 U.S.C. §3142(e).  The presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the government.  *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cri. 2008).

The judicial officer may detain a defendant where the government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community.  Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity.  *United States v. Salerno*, 481 U.S. 739 (1987).  In addition, the judicial officer may detain a defendant if the government proves by a preponderance of the evidence that the defendant poses a risk of flight.  *United States v. Motamedi*, 767 F. 2d 1403, 1407 (9th Cir. 1985); *United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991).

## II.    ANALYSIS

For the reasons stated on the record at the detention hearing on September 9, 2014, the Court finds that the government has met its burden in establishing that the defendant is both a danger to the community and risk of nonappearance.  Regarding danger to the community, the Pretrial Services report showed that the defendant's has an extensive criminal history.  In addition, the Pretrial Services report showed that the defendant has had his probation revoked over thirty times, with the most recent revocation occurring on April 23, 2014.  Regarding risk of nonappearance, the Pretrial Services report showed that the defendant has sixteen prior failure to appear violations.  The Court also notes that the defendant is currently unemployed and did not present any sureties at the detention hearing.

## III.   CONCLUSION

Having considered all of the relevant factors in Section 3142(g), the Court finds by clear and convincing evidence that no conditions will reasonably assure the safety of the community or others if the defendant was released.  *See* 18 U.S.C. §3142(f).  The Court also finds by a preponderance of the evidence that no conditions or combination of conditions or release it could fashion would assure the

1   defendant's appearance for trial if he was released.  Therefore, the Court ORDERS that the defendant be

2   detained.

3

4   IT IS SO ORDERED.

5

6   DATED: September 10, 2014

7                                                    _____
    HON. DONNA M. RYU
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28